FILED

NOV 0 8 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CALVIN CECIL BOURNE,                          Civil No. 08-1314-PK

       Petitioner,                  FINDINGS AND RECOMMENDATION

   v.

BRIAN BELLEQUE,

      Respondent.


    PATRICK J. EHLERS
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

       Attorney for Petitioner

    JOHN R. KROGER
    Attorney General
    KRISTEN E. BOYD
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

       Attorneys for Respondent


   1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, Calvin Cecil Bourne, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions for rape, unlawful sexual penetration, and sex abuse. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In February 2000, following a jury trial, Bourne was convicted of Rape in the First Degree (five counts), Sexual Abuse in the First Degree (six counts), Sexual Abuse in the Second Degree (two counts), Sexual Abuse in the Third Degree (two counts), and Unlawful Sexual Penetration in the First Degree (seven counts) for acts with his biological daughter when she was between the ages of 4 and 16. (#11, Ex. 101; #33, at 2.) The trial court imposed a combination of concurrent and consecutive sentencing totaling 750 months imprisonment. (#11, at 2.)

Bourne directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Bourne*, 179 Or.App. 743, 42 P.3d 948 (2002); *rev. denied*, 334 Or. 491, 52 P.3d 1057 (2002).

Bourne signed a *pro se* petition for post-conviction relief (PCR) on January 21, 2003, which he elected to let stand after the appointment of counsel. (#11, Ex. 108.) Petitioner alleged he was

denied the effective assistance of trial and appellate counsel, and that his rights to due process were violated. (*Id.*) The PCR court denied relief. (#11, Exs. 117; 119.) Bourne appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied relief. (#11 Exs. 124, 123.) Final judgment issued January 11, 2007. (#11 Ex. 124.)

On October 30, 2008, Bourne signed the *pro se* Petition for Writ of Habeas Corpus filed in this Court (#2), raising six claims that can be summarized as follows:

Ground One:    trial court error in denying motion to strike testimony;

Ground Two:    trial court error in admitting testimony not relevant to the charged offenses;

Ground Three:  trial court error in denying motion for mistrial;

Ground Four:   ineffective assistance of trial counsel (ten instances);

Ground Five:   ineffective assistance of appellate counsel (three instances);

Ground Six:    denial of right to due process (three instances).

Respondent asserts Bourne's federal habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act's (AEDPA) 1-year statute of limitations, and that he has not demonstrated that he is entitled to equitable tolling. (#43, at 2.)

Bourne seeks equitable tolling of the statute of limitations arguing his PCR attorney did not advise him that his PCR Petition

3 - FINDINGS AND RECOMMENDATION -

for Review had been denied and that, but for this failure, he would have filed a timely petition.  (#33, at 3.)

## DISCUSSION

The AEDPA was enacted on April 24, 1996.  Pursuant to the Act, a one-year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).  The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Respondent calculates Bourne's limitation period ran from December 15, 2002, the date Petitioner's time to seek certiorari from the United States Supreme Court expired, until January 21, 2003, the date Bourne signed his state PCR petition; and from January 11, 2007, the date final PCR appellate judgment issued, until October 30, 2008, the date the instant petition was signed, accruing a total of 695 days. (#10, at 2.)  The instant petition was thus filed 330 days beyond the 365-day limitation period.

Bourne does not dispute Respondent's calculation of elapsed time and he concedes the instant petition was filed beyond the one-year limitation period under the AEDPA.  However, Bourne urges the court to apply equitable tolling and give him "the opportunity to address the court in person to detail further his equitable tolling claims." (#33, at 2.)  For the reasons set forth below, the Court

4 - FINDINGS AND RECOMMENDATION -

finds that neither equitable tolling nor a hearing is warranted.

1.   Equitable Tolling

The AEDPA's one-year limitation is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560-65 (2010); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (internal quotation marks and citation omitted); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). But, decisions on equitable tolling must be made on a case-by-case basis, "draw[ing] upon decisions made in other similar cases for guidance." *Holland*, 130 S.Ct. at 2563.

Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Shannon*, 410 F.3d at 1089-90,

(citing cases); *see also Holland*, 130 S.Ct. at 2562-64 (attorney conduct beyond "excusable neglect" may warrant tolling).  However, an attorney's miscalculation of the limitation period does not warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 459 U.S. 327, 336-37 (2007); *accord Holland*, 130 S.Ct. at 2565-67 (Alito, J., concurring); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances).  Nor does an inmate's ignorance of the law and lack of legal sophistication warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

A habeas petitioner seeking equitable tolling must establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland*, 130 S.Ct. at 2564 ("extraordinary circumstances" requires more than "garden variety" neglect).  Petitioner has not met this requirement.

Bourne argues equitable tolling should apply because PCR counsel did not inform him in a timely manner that his petition for review in the PCR proceeding was denied and, but for his attorney's failure, he would have filed within the statute of limitations. (#33, at 4.)  As evidence he diligently pursued his legal remedies,

6 - FINDINGS AND RECOMMENDATION -

Bourne points to the fact he filed his federal habeas petition within approximately four months of learning his PCR Petition for Review had been denied. (*Id.*)

PCR counsel's affidavit, attached to Bourne's memorandum, states she "could find no information in the file regarding whether [she] sent him a letter regarding the final outcome of his case ... after [she] filed for review in the Oregon Supreme Court." (#33, Attach. p.2.) The Court will assume PCR counsel failed to notify Bourne that his petition for review was denied, and that this failure constitutes "extraordinary circumstances." But for equitable tolling to be warranted, Bourne must also show he diligently sought federal habeas review.

Bourne filed his PCR petition in state court on January 21, 2003. In July 2008, Bourne sent a letter to Oregon Public Defense Services complaining about the lack of contact from his attorney and, presumably, asking about the status of his case. (*Id.*, Attach. p.1.) Bourne sent his letter approximately five and a half years after he filed his PCR petition. Although Bourne asserts that "between December 5, 2006, and July 22, 2008, he repeatedly attempted to contact [PCR counsel] who had moved out of state, he offers no evidence to support this assertion. (#33, at 3.) And letting four months pass before filing his habeas petition after he learned his PCR Petition for Review had been denied does not demonstrate he was diligently pursuing federal habeas review. *See*

*Holland*, 130 S.Ct. at 2557 (petitioner writes out and mails pro se petition a day after learning state proceedings final).

2.  <u>Evidentiary Hearing</u>

The Court construes Bourne's request to "personally address the Court on the reasons he did not file within the statutory time period" as a request for an evidentiary hearing on the tolling issue. (#33, at 4.)  However, Bourne has not shown the Court that a hearing is warranted.

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true*, entitle him to equitable tolling.'"  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied,* 549 U.S. 1317 (2007).  Equitable tolling for a federal habeas petition requires that the petitioner show he has been diligently pursuing *federal habeas relief* and that some extraordinary circumstances stood in his way.  *See Holland*, 130 S.Ct. at 2555-59 (petitioner's letters asked counsel to make certain his claims would be preserved for federal habeas review; repeatedly reminded counsel of the importance of filing a timely federal petition; corrected counsel's erroneous calculation for tolling the limitation period; repeatedly requested counsel file a federal petition).  Bourne presents no evidence showing he diligently pursued federal habeas relief.  Accordingly, he would not be entitled to equitable tolling and an evidentiary hearing is

not warranted.

### CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice. The Court further recommends a Certificate of Appealability not be issued as Bourne has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.

9 - FINDINGS AND RECOMMENDATION -

These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals.    Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 8th day of November, 2010

Paul Papak
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION -